# EXHIBIT 1

CAUSE NO.2010-27591

| | | |
|---|---|---|
| MATTHEW DAVIS, ROBERT HEARN, | § | IN THE DISTRICT COURT OF |
| DENNIS DEWAYNE MARTINEZ, EUGENE | § | |
| DEWAYNE MOSS, SAMUEL WADE PIGG, | § | |
| And MICAH JOSEPH SANDELL | § | |
| | § | |
| | § | |
| | § | HARRIS COUNTY, TEXAS |
| vs. | § | |
| | § | |
| | § | |
| CAMERON INTERNATIONAL | § | |
| CORPORATION a/k/a CAMERON | § | |
| SYSTEMS CORPORATION | § | 113  JUDICIAL DISTRICT |

LIST OF SERVICE

Anthony G. Buzbee
The Buzbee Law Firm
JP Morgan Chase Tower
600 Travis, Suite 7300
Houston, Texas 77002
Phone. 713-223-5393
Fax. 713-223-5392
www.txattorney.com
Attorney for Plaintiffs

**Counsel for Defendants:**

Mr. Thomas W. Taylor
**Andrews & Kurth LLP**
600 Travis, Suite 4200
Houston, Tx 77002
Phone: (713)220-4200
Fax:  (713)220-4285

Mr. J. Andrew Langan
**Kirkland & Ellis, LLP**
300 North LaSalle Street
Chicago, IL 30654
Phone: (312)862-2000
Fax:  (312)862-2200

Attorneys for:
**BP Exploration & Production Inc.
BP Corporation North America, Inc.
BP Products North America, Inc.**

Mr. Frank A. Piccolo
Doc.# 458219

Mr. Edwin G. Preis, Jr.
Mr. Richard Hymel
Mr. Robert Kallam
Mr. Kevin T. Dossett
**Preis &Roy, APLC**
Wesleyan Tower
24 Greenway Plaza
Suite 2050
Houston, Tx 77046
Phone: (713)355-6062
Fax:  (713)572-919

Mr. Marc G. Matthews
**Phelps Dunbar LLP**
 700 Louisiana, Suite 2600
Houston, Tx 77002
Phone: (713)626-1386
Fax: (713)626-1388

Attorneys for:
**Triton Asset Leasing GmbH**
**Transocean Holdings LLC,**
**Transocean Offshore Deepwater Drilling Inc.**
**Transocean Deepwater Inc.**

Mr. David Beck
Mr. Joe Redden, Jr.
Mr. David Jones
Mr. GeoffGannaway
**Beck, Redden & Secrest LLP**
One Houston Center
1221 McKinney St., Suite 4500
Houston, Tx 77010
Phone: (713)951-3700
Fax:  (713)951-3720

Attorneys for:
**Cameron International Corporation d/b/a**
**Cameron Systems Corporation**

EXHIBIT 2

Harris County Docket Sheet

# 2010-27591

**COURT:** 113th

**FILED DATE:** 4/30/2010

**CASE TYPE:** OTHER CIVIL



### DAVIS, MATTHEW

Attorney: BUZBEE, ANTHONY GLENN

### vs.

### CAMERON INTERNATIONAL CORPORATION (A/K/A CAMERON S

| Docket Sheet Entries | |
|---|---|
| Date | Comment |

# EXHIBIT 3

Filed 10 May 13 P2:47
Loren Jackson - District Clerk
Harris County
ED101J015784160
By: Kyndria Perkins

NO. 2010-27591

| | | |
|---|---|---|
| MATTHEW DAVIS, ROBERT HEARN, | § | IN THE DISTRICT COURT OF |
| DENNIS DEWAYNE MARTINEZ, EUGENE | § | |
| DEWAYNE MOSS, SAMUEL WADE PIGG, | § | |
| and MICAH JOSEPH SANDELL | § | |
| | § | HARRIS COUNTY, TEXAS |
| | § | |
| VS. | § | |
| | § | |
| | § | 113th JUDICIAL DISTRICT |
| CAMERON INTERNATIONAL | § | |
| CORPORATION a/k/a CAMERON | § | |
| SYSTEMS CORPORATION | § | **JURY TRIAL DEMANDED** |

## PLAINTIFFS' SECOND AMENDED PETITION

Plaintiffs MATTHEW DAVIS, ROBERT HEARN, DENNIS DEWAYNE MARTINEZ, EUGENE DEWAYNE MOSS, SAMUEL WADE PIGG, MICAH JOSEPH SANDELL, STEPHEN DAVIS, and CHRISTOPHER HAIRE (collectively "Plaintiffs") complain of Defendants CAMERON INTERNATIONAL CORPORATION a/k/a CAMERON SYSTEMS CORPORATION, HALLIBURTON ENERGY SERVICES, INC., BP EXPLORATION AND PRODUCTION, INC. and BP, PLC and for cause of action respectfully show this Honorable Court the following:

### I.

Discovery in this matter will be conducted pursuant to Level 2.

### II.

Defendant CAMERON INTERNATIONAL CORPORATION a/k/a CAMERON SYSTEMS CORPORATION ("Cameron") is a Delaware corporation with its principal place of business in Houston, Harris County, Texas. It can be served through its registered agent in Texas: CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

Defendant HALLIBURTON ENERGY SERVICES, INC. ("Halliburton") is a Delaware corporation with its principal place of business in Houston, Harris County, Texas. It can be

Certified Document Number: 45305408 - Page 1 of 8

served through its registered agent in Texas: CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

Defendant BP EXPLORATION AND PRODUCTION, INC. is a foreign company doing business in the State of Texas. It can be served through its registered agent: CT Corporation System, 350 North St. Paul St., Dallas, TX 75201-4234.

Defendant BP, PLC is a foreign company doing business in the State of Texas.

### III.

Plaintiff MATTHEW DAVIS is a resident of Mississippi.

Plaintiff ROBERT HEARN is a resident of Louisiana.

Plaintiff DENNIS DEWAYNE MARTINEZ is a resident of Louisiana.

Plaintiff EUGENE DEWAYNE MOSS is a resident of Mississippi.

Plaintiff SAMUEL WADE PIGG is a resident of Mississippi.

Plaintiff MICAH JOSEPH SANDELL is a resident of Louisiana.

Plaintiff STEPHEN DAVIS is a resident of Texas.

Plaintiff CHRISTOPHER HAIRE is a resident of Texas.  Plaintiff CHRISTOPHER HAIRE is only bringing claims against Defendants Cameron International Corporation a/k/a Cameron Systems Corporation, BP Exploration and Production, Inc. and BP, PLC.  Plaintiff CHRISTOPHER HAIRE is not bringing any claims against Defendant Halliburton Energy Services, Inc.

### IV.

The Court has jurisdiction over this matter in that Defendants do business in the State of Texas.  Venue is proper in this matter because both Defendants are headquartered in this County.

Certified Document Number: 45305408 - Page 2 of 8

**V.**

On April 20, 2010, the Plaintiffs were aboard the DEEPWATER HORIZON (the "Vessel"), a deepwater semi-submersible drilling rig, as members of the crew when the Vessel caught fire and exploded, and ultimately sunk, injuring more than twenty, and likely killing eleven. Because of this incident, Plaintiffs sustained serious injuries to their persons. Due to their severe injuries, Plaintiffs are unable to work.

Upon information and belief, Cameron designed, manufactured and/or supplied the DEEPWATER HORIZON's blow-out-preventers ("BOP's"). The purpose of BOP's is to prevent explosive pressure releases and surges that could threaten a rig and the safety of those aboard it. However, the BOP's on the Vessel were defective because they failed to operate as intended and/or because Cameron failed to warn the users that the BOP's would not operate as intended.

Halliburton was a contractor working on the Vessel engaged in cementing operations of the well and well cap and, upon information and belief, improperly and negligently performed these duties, allowing pressure to escape the well, leading to the resulting blowout and fire.

The BP Defendants had leased the Vessel and had a significant hand in the control of the rig; importantly in the application of casing and cement and preparation of the well for production. Further, because the Vessel was leased to the BP Defendants, such Defendants have a duty to ensure that operations are conducted in a prudent manner. The BP Defendants failed in that regard, legally causing Plaintiffs' injuries.

**VI.**

Plaintiffs incorporate the above paragraphs as if set forth fully below.

3

Plaintiffs bring claims against Cameron under the Texas Products Liability Act (TEX. CIV. PRAC. & REM. CODE § 82.001, *et seq.*). Cameron designed, manufactured and/or supplied the defective BOP's that were used on the Vessel and failed to operate as intended. Upon information and belief, the BOP's at issue were not substantially changed after they left Cameron's control. Further, the BOP's were in a defective condition, unreasonably dangerous to the Vessel and everyone aboard it, and, Cameron, as the designer, manufacturer and/or supplier of such, is strictly liable for the physical harm caused Plaintiffs. Plaintiffs allege that these BOP's were defective as manufactured and/or designed and these defects legally caused the explosion, fire and resulting injuries to Plaintiffs. Additionally, Cameron failed to warn the owners, operators and/or lessees of the Vessel that these BOP's would not work as intended.

## VII.

Plaintiffs incorporate the above paragraphs as if set forth fully below.

a.   Upon information and belief, Plaintiffs aver that the explosion, fire and resulting injuries to Plaintiffs were caused by the joint negligence and fault of the Defendants in the following non-exclusive particulars:

b.   Failing to properly operate the DEEPWATER HORIZON;

c.   Operating the DEEPWATER HORIZON in such a manner that a fire and explosion occurred onboard, that resulted in injuries to Plaintiffs;

d.   Failing to properly inspect the DEEPWATER HORIZON to assure that its equipment and personnel were fit for their intended purpose;

e.   Acting in a careless and negligent manner without due regard for the safety of others;

f.   Failing to promulgate, implement and enforce rules and regulations pertaining to

Certified Document Number: 45305408 - Page 4 of 8

the safe operations of the DEEPWATER HORIZON which, if they had been so promulgated, implemented and enforced, would have averted the explosion, fire and resulting injuries to Plaintiffs;

g.  Operating the DEEPWATER HORIZON with untrained and unlicensed personnel;

h.  Inadequate and negligent training and hiring of personnel;

i.  Failing to take appropriate action to avoid or mitigate the accident;

j.  Negligent implementation of policies and procedures to safely conduct offshore operations in the Gulf of Mexico;

k.  Employing untrained or poorly trained employees and failing to properly train their employees;

l.  Failing to ascertain that the DEEPWATER HORIZON and its equipment were free from defects and/or in proper working order;

m.  Failure to timely warn;

n.  Failure to provide appropriate accident prevention equipment;

o.  Failure to observe and read gauges that would have indicated excessive pressures in the well;

p.  Failure to react to danger signs;

q.  Providing BOP's that did not work properly;

r.  Conducting well and well cap cementing operations improperly; and

s.  Such other acts of negligence and omissions as will be shown at the trial of this matter; all of which acts are in violation of state and Federal law applicable on the Outer Continental Shelf.

5

Certified Document Number: 45305408 - Page 5 of 8

**VIII.**

Plaintiffs would also show that Defendants acted willfully, wantonly, maliciously recklessly, and with gross negligence when they breached the duties owed Plaintiffs. Accordingly, Plaintiffs also seek an award of PUNITIVE damages.

Specifically, Defendant BP Exploration and Production, Inc. has a record of safety infractions in the Gulf of Mexico. In the last ten years, this Defendant has been fined by the Minerals Management Service (MMS) at least five times. These infractions include:

- $41,000 fine for a "loss of well control." MMS found that this Defendant "failed to verify employees were trained to competently perform the assigned well control duties";

- $190,000 fine for an improperly installed fire diverter system. This violation was discovered in the wake of a fire that damaged property and the environment;

- $80,000 fine for bypassing relays for the Pressure Safety High/Low on four producing wells;

- $70,000 fine for low pressure in the fire water system; and

- $190,000 fine for the BP's rig operator, after it was found that BP's employees, working as contractors, bypassed the safety valves on a rig. MMS discovered that found that the rig failed to shut down in an emergency because the safety devices had been bypassed.

Because of BP's record, specifically because similar incidents had occurred on other rigs leased by BP, and because, on information and belief, a well control issue led to the blow out that occurred in this case, Plaintiffs seek damages punitive damages, for the BP Defendants' gross negligence and malice.

**IX.**

As a result of the incident, Plaintiffs seek all damages recognizable by law, including, but not limited to, past and future medical treatment, pain, suffering, mental anguish, loss of

6

affection, society, guidance, counseling, earnings, earning capacity, consortium, and enjoyment of life.

## X.

Plaintiffs assert that they are entitled to damages in excess of the minimum jurisdictional amount of this Honorable Court.

## XI.

### Request for Rule 194 Disclosure

Pursuant to Texas Rule of Civil Procedure 194, Plaintiffs request that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2(a)-(k), Tex. R. Civ. P.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs MATTHEW DAVIS, ROBERT HEARN, DENNIS DEWAYNE MARTINEZ, EUGENE DEWAYNE MOSS, SAMUEL WADE PIGG, MICAH JOSEPH SANDELL, STEPHEN DAVIS and CHRISTOPHER HAIRE pray for judgment against Defendants in the amount of FIVE MILLION ($5,000,000.00) DOLLARS each, plus pre- and post-judgment interest at the legal rate, for all costs of court, and all such other and further relief, at law and in equity, to which he may be justly entitled.

**PLAINTIFFS RESPECTFULLY REQUEST A TRIAL BY JURY.**

Respectfully submitted,

**THE BUZBEE LAW FIRM**

By:＿＿＿＿＿＿*/s/ Anthony G. Buzbee*＿＿＿＿＿＿
     ANTHONY G. BUZBEE
     State Bar No. 24001820
     JP Morgan Chase Tower
     600 Travis, Suite 7300
     Houston, Texas 77002
     Phone:  713-223-5393
     Fax:￼   713-223-5392
     www.txattorneys.com

**ATTORNEY FOR PLAINTIFFS**



I, Loren Jackson, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date
Witness my official hand and seal of office
this _____ May 21, 2010 _____

Certified Document Number: ____45305408___ (Total Pages 8)

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

# EXHIBIT 4

CAUSE NO. 2010-27591

| | | |
|---|---|---|
| MATTHEW DAVIS, ROBERT HEARN | § | IN THE DISTRICT COURT OF |
| DENNIS DEWAYNE MARTINEZ, EUGENE | § | |
| DEWAYNE MOSS, SAMUEL WADE PIGG | § | |
| and MICAH JOSEPH SANDELL | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CAMERON INTERNATIONAL | § | |
| CORPORATION, f/k/a Cooper-Cameron | § | 113TH JUDICIAL DISTRICT |
| Corporation | § | |
| Defendants. | § | |
| | § | |

## ORIGINAL ANSWER

Defendant Cameron International Corporation f/k/a Cameron Systems Corporation ("Cameron") files this its Original Answer and in support thereof would respectfully show unto the Court as follows:

### I.
### GENERAL DENIAL

1.     Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Cameron denies each and every, all and singular, of the allegations asserted by Plaintiffs and demands strict proof thereof.

### II.
### FURTHER MATTERS

2.     Cameron reserves the right to amend its answer as permitted by the Texas Rules of Civil Procedure.

Dated: May 24, 2010

RESPECTFULLY SUBMITTED,

BECK, REDDEN & SECREST, L.L.P.

_____

David J. Beck
Federal Bar No. 919
State Bar No.  00000070
Joe W. Redden, Jr.
Federal Bar No.  2139
State Bar No. 16660600
David W. Jones
Federal Bar No.
State Bar No. 00790980
1221 McKinney Street, Suite 4500
Houston, Texas  77010-2029
Telephone:  713-951-3700
Facsimile:  713-951-3720

**ATTORNEY FOR DEFENDANT
CAMERON INTERNATIONAL
CORPORATION, F/K/A COOPER-
CAMERON CORPORATION**

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of this document was served in compliance with the Texas Rules of Civil Procedure on all counsel of record on _24_ day of May, 2010:

_____

Joe W. Redden, Jr.



STATE OF TEXAS
COUNTY OF HARRIS

I, Loren Jackson, District Clerk of Harris County, Texas, certify that
this is a true and correct copy of the original record filed and or recorded
in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this **MAY 2 4 2010**

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS                        Deputy